[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs (the singular shall include the plural), Jane Tartaglia, Christopher Tartaglia, Andrew Tartaglia and James Marino, filed a twenty-four count revised complaint seeking damages for, inter alia, emotional distress allegedly suffered as a result of a pattern of harassing acts allegedly orchestrated by Nancy Marino (hereinafter "defendant") and Daniel Kish ("Kish"). Count thirteen and counts twenty-one through twenty-four are the counts at issue.
Count thirteen is brought by James Marino against Nancy Marino, his ex-wife, and alleges intentional infliction of emotional distress. Counts twenty-one through twenty-four are brought by the plaintiffs, respectively, and allege civil conspiracy as to the defendant and Kish.
On February 22, 1994, the defendant filed a motion to strike the subject counts on the grounds that (1) the claim for intentional infliction of emotional distress is legally insufficient as it fails to allege conduct which, as a matter of law, rises to the level of extreme and outrageous conduct; and (2) the claim for civil conspiracy is legally insufficient for CT Page 4227 Connecticut does not recognize civil conspiracy as a separate and individual cause of action.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 131. The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiffs' allegations, if proved, state a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91, 108.
Count thirteen (intentional infliction of emotional distress as to James Marino).
"`In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. [Citations omitted.]' Liability for intentional infliction of emotional distress requires `conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'" DeLaurentis v. New Haven, 220 Conn. 225, 266-267. (Citations omitted.)
In count thirteen, James Marino alleges that he was harassed by the defendant between November, 1992 and June, 1993, in one or more of the following ways:
 Repeatedly telephoning the Plaintiff's residence at all hours of the day or night, and hanging up without speaking.
 Causing to be delivered to Plaintiff's home unsolicited food orders from neighboring food suppliers.
Causing to be delivered to Plaintiff's home unsolicited CT Page 4228 catalogues and mailings from third party vendors and medical health care providers.
 Repeatedly telephoning the Plaintiff in violation of Connecticut General Statutes, Sec. 53a-183.[1]
(Plaintiff's Revised Complaint dated December 29, 1993, para. 83.) The plaintiff claims that the defendant's conduct was extreme and outrageous, and as a result of this conduct, the plaintiff suffered severe emotional distress. In her memorandum of law in support of her motion, the defendant, Nancy Marino, postulates that the plaintiff's allegation that the defendant's conduct was extreme and outrageous does not, as a matter of law, rise to the level of extreme conduct which would support a claim for intentional infliction of emotional distress.
The plaintiff argues in opposition that whether his allegations set forth a legally sufficient cause of action in emotional distress is not properly decided on a motion to strike, but is better left as a factual question for the jury. In the alternative, he opines that the pattern of harassment alleged in count thirteen is sufficient to satisfy the elements of an emotional distress claim.
In response to the plaintiff's first argument that "[w]hile the question of whether a defendant's conduct is sufficiently `extreme and outrageous' is ordinarily a question of fact, it is for the court to determine, in the first instance, whether the defendant's conduct may be regarded as so extreme and outrageous as to permit recovery." Settembri v. AM. Radio Delay League,7 CSCR 483 (March 27, 1992, Schaller, J.); Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 19 (Berdon, J.); Giambattista v. Hartford Courant, 3 CSCR 89, 90 (November 23, 1987, Gill, J.); Chipokas v. Heritage Savings Loan Association, Inc., 2 CSCR 895, 896 (July 21, 1987, Kulawiz, J.).
In speaking to extreme and outrageous conduct, our courts have noted that:
 It is not enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress or even that his conduct has been characterized by `malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in CT Page 4229 degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'"
McGrath v. The Yale Corporation, Superior Court, Judicial District of New Haven at New Haven, No. 326144 (May 17, 1993, Thompson, J.), quoting 1 Restatement (Second), Torts, Sec. 46, comment d. In addition, insults, indignities, or annoyances do not constitute extreme and outrageous behavior. Brown v. Ellis,40 Conn. Sup. 165, 167. The plaintiff's allegations as contained in the thirteenth count of the revised complaint do not rise to the level of conduct so "extreme and outrageous" so as to support a cause of action for intentional infliction of emotional distress.
The plaintiff has invited the court's attention to the fact specific case of MacLauchlin v. O'Connor, Judicial District of Tolland at Rockville, No. 040906 (May 24, 1991, Scheinblum, J.) for the proposition that telephone calls for a mere two day period constituted the awarding of compensatory, treble, and punitive damages. In MacLauchlin, the court found as proven the fact that the defendant computer generated, at the rate of every thirty seconds to one minute, over a total of eight hundred (800) calls to the plaintiff's home/business telephone in the space of a two day period. The court found that the plaintiff was prevented from conducting business during the time of the telephone intrusion, and accordingly awarded damages for emotional distress. In the present case, and in distinction to the facts of MacLauchlin, the plaintiff has not alleged such a harassment or intrusion which would support, as a threshold matter, a cause of action based on emotional distress as a result of the alleged actions of the defendant. Count thirteen is legally insufficient, and is, therefore, stricken.
Counts twenty-one through twenty-four (civil conspiracy as to all plaintiffs).
 The contours of `a civil action for conspiracy are: (1) a combination between two or more persons, (2) to do a criminal or an unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff.' CT Page 4230
Marshak v. Marshak, 226 Conn. 652, 665, quoting Williams v. Maislen, 116 Conn. 433, 437, 165 A. 455 (1933). However, "`there is no such thing as a civil action for conspiracy. The action is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself.'" Id. 669, quoting Cole v. Associated Construction Co., 141 Conn. 49, 54,103 A.2d 529 (1954).
In counts twenty-one through twenty-four, the plaintiffs allege that certain acts of the defendants "objectively manifested their agreement to permit, facilitate, and perpetuate the harassment of the plaintiff with the intent to inflict emotional distress, and constituted a conspiracy whose purpose was toward that end", and that the "defendants' agreement to subject the plaintiff to harassment resulted in the Plaintiff suffering severe emotional distress."
The defendant has responded to this allegation by asserting that civil conspiracy is not a tort in and of itself, and since the plaintiffs have failed to allege any additional acts or damages arising from the alleged conspiracy which are not already recited in other counts within the complaint, the referenced counts should be stricken. Conversely, the plaintiffs assert that they have referenced the tortious acts undertaken by the defendant and have properly alleged that those acts were taken in furtherance of a conspiracy which damaged the plaintiffs.
While the plaintiffs have alleged that the defendant agreed to conspire to harass the plaintiffs, they have not alleged that it was the acts committed pursuant to, and as a result of, the formed conspiracy which caused the plaintiffs' alleged emotional distress. The defendant's motion to strike counts twenty-one through twenty-four of the plaintiffs' revised complaint are, accordingly, granted.
Moraghan, J.